# United States District Court

**FILED**
MAR 26 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

__NORTHERN__          DISTRICT OF          __CALIFORNIA__

UNITED STATES OF AMERICA
v.
**JESUS MEDINA**
a/k/a JOSE MANGUAL RODRIGUEZ

(Name and Address of Defendant)

Venue: SAN FRANCISCO

# CRIMINAL COMPLAINT

JCS

CASE NUMBER: 3 08 70174

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about December 26, 2002, in San Francisco County, in the Northern District of California, the defendant did, willfully and knowingly make a false statement in an application for a passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws in violation of Title 18 United States Code, Section 1542, False Statement in a Passport Application.

I further state that I am a Special Agent and that this complaint is based on the following facts:

**See attached Affidavit in Support of Criminal Complaint**

Maximum Penalties:
Title 18 USC Section 1542:
10 years of imprisonment; $250,000 fine; 3 years supervised release; and $100 special assessment fee

APPROVED AS TO FORM: _____
AUSA Owens

Continued on the attached sheet and made a part hereof: ☒ Yes  ☐ No

Arrest Warrant Requested:   ☒ Yes  ☐ No
Bail Amount: —

Signature of Complainant, Jeffrey Dubsick

Sworn to before me and subscribed in my presence,

March 26, 2008                     at   San Francisco, California
Date                                     City and State

**Joseph C. Spero**
**United States Magistrate Judge**
Name & Title of Judicial Officer

Signature of Judicial Officer

**UNITED STATES DISTRICT COURT**          )
                                          )   ss. AFFIDAVIT
**NORTHERN DISTRICT OF CALIFORNIA**       )

AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT
CHARGING JESUS MEDINA,
A/K/A JOSE MANGUAL RODRIGUEZ
WITH VIOLATING 18 U.S.C. § 1542;
FALSE STATEMENT IN APPLICATION FOR A PASSPORT

I, Jeffrey C. Dubsick, being duly sworn, depose and state:

*Affiant Background*

1. I am a Special Agent employed by the Diplomatic Security Service (DSS) which is an agency of the United States State Department. DSS Special Agents are empowered under Title 22 U.S.C. § 2709 to investigate passport fraud and to apply for and serve arrest warrants.

2. I have a bachelor's degree from the University of California and am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program. I have been employed by DSS since December 2004, and have received and receive, on an ongoing basis, training in the laws, rules and regulations concerning passports. My previous investigations have resulted in at least 40 convictions for passport fraud or a related offense.

*Purpose of Affidavit*

3. This affidavit establishes probable cause to arrest JESUS MEDINA, for False Statement in Application for a Passport, in violation of 18 U.S.C. § 1542, when he applied for a passport and falsely stated his name was JOSE MANGUAL RODRIGUEZ, when his true name is JESUS MEDINA.

4. This affidavit is based in part upon my personal knowledge, interviews, and the review of various records and documents obtained during this investigation. This affidavit sets forth only those material facts that I believe are necessary to establish probable cause. It does not include each and every fact of this investigation, however, no detail or fact that would potentially negate probable cause has been excluded.

*Relevant Statute*

5. The Passport Act of 1926, as amended, was in full force and effect throughout the period of this investigation. This Act, codified in 22 U.S.C. § 211a, authorized the United States Secretary of State to grant and issue United States passports under rules prescribed by the President and/or other federal laws. Some of these rules are that a

person wanting a United States passport must complete and submit an application to the State Department and must submit proof of American citizenship, usually a birth certificate, and proof of identity, usually a driver's license and Social Security Number, with their application. Another rule allows officers at United States Post Offices to accept passport applications, and to then forward them to the State Department for processing.

6. Title 18 U.S.C. § 1542 states, in pertinent part, "Whoever willfully and knowingly makes any false statement in an application for a passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for their own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws...shall be fined under this title...or imprisoned not more than 10 years...or both." Title 18 U.S.C. § 3291 provides for a ten year statute of limitations for passport offenses.

*Facts Supporting Probable Cause*

7. On or about December 26, 2002, a person purporting to be JOSE MANGUAL RODRIGUEZ submitted an application for a United States passport at the Golden Gate Post Office in San Francisco, which is located in the Northern District of California. A review of this application and other State Department records disclosed this person submitted a Puerto Rican birth certificate bearing the name of JOSE MANGUAL RODRIGUEZ with his passport application, and that he listed a date of birth of March 5, 1978.

8. This application was referred to DSS for criminal investigation because of the existence of fraud indicators.

9. On February 4, 2003, a DSS Special Agent encountered and interviewed the person purporting to be JOSE MANGUAL RODRIGUEZ. The DSS Special Agent did not believe that the applicant was born in Puerto Rico, because he could not answer basic questions about Puerto Rico. The DSS Special Agent took consensual fingerprints from this person and ended the encounter.

10. On February 6, 2003, the DSS Special Agent submitted the taken fingerprints to the Department of Homeland Security (DHS) for review. DHS matched them to fingerprints on file for JESUS MEDINA, not JOSE MANGUAL RODRIGUEZ, with a birth date of December 18, 1979, and not March 5, 1978. The DSS Special Agent was then unable to locate or re-contact the applicant after his true name was identified, and this application and case remained unresolved.

11. On March 20, 2008, as part of a "Cold Case" review, I checked records on file with the Department of Motor Vehicles and the Employment Development Department concerning JOSE MANGUAL RODRIGUEZ. I was able to locate the current whereabouts of this passport applicant.

*Conclusion*

12. Based on the facts and information detailed in the affidavit, I believe probable cause exists that JESUS MEDINA, made a false statement in a passport application, in violation of 18 U.S.C. § 1542, when he falsely stated his name JOSE MANGUAL RODRIGUEZ, on the aforementioned passport application submitted at the Golden Gate Post Office in the Northern District of California. As such, I respectfully request a warrant for his arrest.

Under penalty of perjury, I swear that the foregoing is true and correct to the best of my knowledge, information and belief.

Jeffrey C. Dubsick
Special Agent
Diplomatic Security Service
San Francisco Field Office

SUBSCRIBED AND SWORN BEFORE ME
ON March 26, 2008

THE HONORABLE JOSEPH C. SPERO
United States Magistrate Judge
Northern District of California